### 20654. BECKANSTIN *v.* DOUGHERTY COUNTY COUNCIL OF ARCHITECTS, etc., *et al.*

HAWKINS, Justice. This case comes to this court on certiorari to the Court of Appeals, that court having held, in *Dougherty County Council of Architects* v. *Beckanstin*, 100 *Ga. App.* 84 (110 S. E. 2d 85), that, "Where, by the terms of Code (Ann.) § 84-320, the General Assembly reposed the power to revoke the certificate of a licentiate, in the State Board for Examination, Qualification and Registration of Architects, making such action by the board final and conclusive, the superior court is without power to issue to such board a writ of certiorari in a given case where the board has revoked such a certificate, in order to review the action of the board," and in so holding having stated in division 1, page 87, that "Consequently, under the present state of the law upon this subject, a licentiate of the State Board for Examination, Qualification and Registration of Architects may not by appeal, or writ of certiorari, have the action of the board in revoking his license reviewed." The applicant for certiorari contends that the ruling thus made by the Court of Appeals is contrary to law and contrary to the Constitution of the State of Georgia, Art. VI, Sec. IV, Par. V (Code, Ann., § 2-3905), which provides that the Superior Courts "shall have power to correct errors in inferior judicatories by writ of certiorari." *Held:*

1. By Code § 84-320 it is provided that "Proceedings for the revocation of a certificate [to practice architecture] shall be begun by filing written charges against the accused with the Board for the Examination and Registration of Architects

through the Joint-Secretary, State Examining Boards. A time and place for the hearing of the charges shall be fixed by the said Board. . . At the hearing the accused shall have the right to be represented by counsel, to introduce evidence, and to examine and cross-examine witnesses. The Joint-Secretary shall make a written report of the findings of the Board, which report shall be filed with the Secretary of State, *and which shall be conclusive.*" (Italics ours.) The Court of Appeals has erroneously construed the italicized words shown above to prohibit certiorari from a decision of the Board. We construe the word "conclusive" as here used to imply termination or end of the matter decided, save for appellate review. Code § 38-623 provides that "A judgment shall be admissible between any parties to show the fact of the rendition thereof; between parties and privies it is *conclusive* as to the matter directly in issue, *until reversed or set aside.*" (Emphasis supplied.) See also Code § 110-501. While there is no provision in Chapter 84-3 of the Code expressly providing for a review of a decision of the Board for the Examination and Registration of Architects, yet the general law is that "The writ of certiorari shall lie for the correction of errors committed by justices of the peace, corporation courts or councils, or any inferior judicatory, or any person exercising judicial powers" (Code § 19-101), and our Constitution itself provides, in Art. VI, Sec. IV, Par. V (Code, Ann., § 2-3905), that the Superior Courts "shall have power to correct errors in inferior judicatories by writ of certiorari."

2. Counsel for the defendant in certiorari contend that the act of the Board in revoking Beckanstin's license was an administrative act—not a judicial act—and consequently the licentiate would not have a legal right to have the act of the Board reviewed by the Superior Court. We do not agree with this contention, since Code § 84-320 provides for "filing written charges against the accused," the fixing of a time and place for a hearing of the charges, personal service, service through counsel, or by publication, and at the hearing the accused "shall have the right to be represented by counsel, to introduce evidence, and to examine and cross-examine witnesses." It was said in *South View Cemetery Assn.* v. *Hailey*, 199 *Ga.* 478, 481 (34 S. E. 2d 863): "In determining whether or not a proceeding be judicial in character, the question hinges not on whether the parties at interest were in fact given

opportunity to be heard, since an officer cannot clothe himself with unauthorized judicial powers by mere voluntary compliance with the forms of judicial procedure, but the test is whether the parties at interest had a right under the law to demand a trial in accordance with judicial procedure."

3. The Superior Court of Fulton County sanctioned a writ of certiorari on a petition filed by Beckanstin, sustained the certiorari, reversed the action of the State Board for Examination, Qualification and Registration of Architects in revoking his license and certificate, and held: "It is the judgment of the court that petitioner, H. H. Beckanstin is exonerated of the charge made against him in the complaint in this case." We do not pass on whether or not this judgment is correct, but leave that for decision by the Court of Appeals. We do hold, however, that the Court of Appeals erred in holding that Code § 84-320, in reposing the power to revoke the certificate of a licentiate in the State Board for Examination, Qualification and Registration of Architects, makes "such action by the board final and conclusive, [and] the superior court is without power to issue to such board a writ of certiorari," and in further stating: "Consequently, under the present state of the law upon this subject, a licentiate of the State Board for Examination, Qualification and Registration of Architects may not by appeal, or writ of certiorari, have the action of the board in revoking his license reviewed." In *Gill* v. *Mayor &c. of Brunswick*, 118 *Ga.* 85 (44 S. E. 830), it is held: "It was in legislative contemplation that the mayor and aldermen of the City of Brunswick should act in a judicial capacity when exercising the power conferred upon them by the act of November 28, 1900, to dismiss from service all officers and members of the police force of the city who should be guilty of conduct which that act declares shall constitute cause for removal from office. See Acts of 1900, p. 240. (a) A trial conducted in accordance with the terms of a statute of this character is a quasi-criminal proceeding, and the writ of certiorari lies to review the rulings and findings of such a corporation court. *Mayor of Macon* v. *Shaw*, 16 *Ga.* 172, 185; *Asbell* v. *Brunswick*, 80 *Ga.* 503." See also *Heath* v. *City of Atlanta*, 67 *Ga. App.* 85 (19 S. E. 2d 746); *Carr* v. *City Council of Augusta*, 124 *Ga.* 116 (6) (52 S. E. 300); *Tibbs* v. *City of Atlanta*, 125 *Ga.* 18 (1) (53 S. E. 811); *City*

546

*of Macon* v. *Anderson,* 155 *Ga.* 607 (117 S. E. 753); *City of Cedartown* v. *Pickett,* 193 *Ga.* 840 (20 S. E. 2d 263).

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 14, 1959—DECIDED NOVEMBER 4, 1959.

*Grigsby H. Wotton, Wotton, Long & Jones,* for plaintiff in error.

*Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General,* contra.