## A96A1039. SOERRIES v. CITY OF COLUMBUS.
(476 SE2d 64)

Judge Harold R. Banke.

On May 2, 1995, the Columbus City Council ("the Council") voted to revoke the alcoholic beverage license held by William A. Soerries d/b/a The Chickasaw Club ("the Club"). Prior to the Council's action, the Clerk of the Council notified Soerries that the Columbus Police Chief had recommended the license revocation and that a hearing on the matter would take place on April 25. Represented by counsel, Soerries appeared at the Council meeting to oppose the proposed revocation action. After hearing the evidence presented by both sides, the Council tabled the proposal until the next meeting where the Council voted 8-2 to revoke the license. The Council predicated its action on evidence documenting that law enforcement personnel had responded to multiple problems at the Club, primarily underage persons gaining entry.

Claiming irreparable harm due to the Club's closing, Soerries immediately filed a complaint seeking declaratory relief, a preliminary and permanent injunction and damages. Soerries alleged that the ordinance was constitutionally defective and that the City failed to comply with OCGA § 3-3-2 by not providing him written notice of the decision and by not affording him a post-decision hearing. Soerries challenged the ordinance for allegedly failing to provide readily ascertainable objective standards for the revocation of licenses. See OCGA § 3-3-2 (b) (1). Soerries further claimed that two ordinances were internally inconsistent, with one permitting the admission of underage active duty military personnel into establishments serving alcoholic beverages and another prohibiting the entry of all minors into such establishments.

On the same day as the filing, prior to receiving a formal responsive pleading, the trial court conducted a hearing and heard argument from both Soerries and the City, which submitted six exhibits in addition to the mayor's testimony. The City moved to dismiss Soerries' complaint and argued that equitable relief was not available because the matter should have been brought as a request for certiorari.

One week later, the trial court dismissed Soerries' complaint, denied injunctive relief, and entered judgment in favor of the City on all claims. The trial court dismissed Soerries' complaint in part on procedural grounds and in part on its merits. The trial court determined that none of the statutory or constitutional issues articulated

in Soerries' complaint had been raised before the Council and that Soerries waived certain arguments by admitting that he had violated the law.

Soerries appealed the dismissal of his complaint to the Georgia Supreme Court and also filed a petition for certiorari in superior court. Several months later, another trial court dismissed Soerries' petition for certiorari, determining that no question of fact was involved, and there was no error of law in the record. Soerries did not appeal this decision.

While the instant appeal was pending in the Supreme Court, the Council voted to reinstate the alcoholic beverage license to Soerries effective December 19, 1995. After being apprised of the license reinstatement, the Supreme Court transferred the appeal to this Court, relying on *Lorenz v. DeKalb County*, 215 Ga. 731 (113 SE2d 404) (1960). Finding that Soerries' claims for equitable relief had been rendered moot and the only claim remaining concerned the recovery for money damages, the Supreme Court determined the case no longer involved equity and it lacked jurisdiction. Citing both procedural and jurisdictional grounds, the City moved to dismiss the appeal. *Held*:

The trial court did not err in dismissing Sorries' lawsuit. Soerries' claim for damages was contingent on the alleged wrongful revocation of his license and the alleged statutory and constitutional defects in the ordinance and in the Council proceedings, assertions improperly brought in this action as explained below.

The exclusive mechanism by which Soerries could challenge the Council's revocation of his liquor license was by filing a petition for certiorari. *Carr v. City Council of Augusta*, 124 Ga. 116, 118 (52 SE 300) (1905). In deciding to revoke Soerries' license based on violations of the City's Ordinance, the Council exercised judicial power in the same manner as a court would exercise power in investigating whether a person violated a law. Id. at 118. OCGA § 5-4-1 provides that such judicial decisions are reviewable in superior courts by way of certiorari. *Beckanstin v. Dougherty County Council of Architects*, 215 Ga. 543, 545 (3) (111 SE2d 361) (1959); *City of Cedartown v. Pickett*, 193 Ga. 840, 842 (1) (20 SE2d 263) (1942). Accordingly, Soerries could not properly assert this issue in the instant action. *Carr*, 124 Ga. at 118; see OCGA § 9-4-2; *Grovenstein v. Effingham County*, 262 Ga. 45 (414 SE2d 207) (1992) (appellants began jointly two proceedings, including certiorari petition).

Moreover, Soerries' failure to raise the statutory issues before the Council precluded his raising them for the first time in the instant action. *State Bd. of Equalization v. Trailer Train Co.*, 253 Ga. 449, 450 (320 SE2d 758) (1984). In light of these findings, Soerries' claim for damages lacks any legal basis for recovery. *Poole v. City of*

*Atlanta*, 117 Ga. App. 432, 434 (2) (160 SE2d 874) (1968). Accordingly, the trial court did not err in dismissing the complaint in its entirety. Id. at 434. This holding renders moot the City's motion to dismiss the instant appeal.

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 13, 1996.

*Thomas E. Maddox, Jr.*, for appellant.
*Eugene H. Polleys, Jr.*, for appellee.

