A98A0734. STARNES v. FULTON COUNTY SCHOOL DISTRICT et al.
(503 SE2d 665)

SMITH, Judge.

This action arises out of the denial of "line of duty" disability benefits to Annie Starnes, an employee of the Fulton County School System. Following the denial of her petition for disability benefits by the Fulton County School Employees Pension Board ("the board"), Starnes brought this action in superior court against the Fulton County School District, the board, and individual board members for breach of contract, denial of due process, and money had and received.

Contending that she was totally and permanently disabled as a result of depression and anxiety caused by teaching in a Fulton County classroom, Starnes applied for a "line of duty" disability pension. To qualify for this pension under the local law governing the Fulton County School Employees Pension Fund, Starnes was required to show that she was totally and permanently disabled and that her disability resulted "immediately and exclusively from emergency exposure in line of duty . . . without the intervention of natural causes." Ga. L. 1994, pp. 4733-4734.[1] After Starnes submitted her application and was examined by a doctor at the pension board's request, the board denied Starnes's application by letter informing

---

[1] The statute addressing the pension fund provides for two other types of "line of duty" pensions, which do not apply in this case. One is for accidents suffered in the line of duty, and one addresses occupational diseases caused by certain poisons or irritants, "which are recognized as a peculiar hazard" of the employee's job and "which other persons not engaged in such employment do not contract." Ga. L. 1994, pp. 4733-4734.

Starnes that she was entitled to appeal the decision. Starnes appealed. Following a hearing, in which testimony and documentary evidence were presented bearing on the issue of Starnes's disability, the board again denied Starnes's request.

Starnes then filed this action in superior court a year after the hearing and the denial of her request for a disability pension. The trial court granted summary judgment to defendants, and Starnes appeals. We do not reach the merits of Starnes's appeal, however, because we conclude that Starnes failed to properly seek review of the adverse decision by the pension board, and the trial court should have dismissed her complaint.

Bringing a new, separate action challenging the pension board's decision was not authorized. Starnes instead was required to seek review via writ of certiorari to superior court. OCGA § 5-4-1 (a) states in pertinent part: "The writ of certiorari shall lie for the correction of errors committed by any inferior judicatory or any person exercising judicial powers." In *South View Cemetery Assn. v. Hailey*, 199 Ga. 478 (34 SE2d 863) (1945), the Supreme Court set out basic criteria for determining whether an inferior judicatory exercised judicial or quasi-judicial powers, requiring review by certiorari, as opposed to legislative, executive, or ministerial powers, which cannot be corrected by certiorari: "The chief distinction between a legislative and judicial function is that the former sets up rights or inhibitions, usually general in character; while the latter interprets, applies, and enforces existing law as related to subsequent acts of persons amenable thereto." Id. at 480 (3).

The Supreme Court also noted that "the basic distinction between an administrative and a judicial act by officers other than judges is that a quasi-judicial action, contrary to an administrative function, is one in which all parties are as a matter of right entitled to notice and to a hearing, with the opportunity afforded to present evidence under judicial forms of procedure; and that no one deprived of such rights is bound by the action taken. [Cits.]" *South View*, supra at 481 (4). "[T]he test is whether the parties at interest had a right under the law to demand a trial in accordance with judicial procedure." Id. at 481 (4) (a). See also *Mack II, Inc. v. City of Atlanta*, 227 Ga. App. 305, 307 (1) (489 SE2d 357) (1997).

The local law governing disability pensions for Fulton County employees, Ga. L. 1994, p. 4706, provides a method by which individuals may apply for disability pensions. Under that law, "[t]he pension board shall require that the applicant for a pension due to permanent and total disability be examined by competent physicians and surgeons. In passing upon the question of permanent and total disability, the pension board may receive and consider the reports and recommendations of such examining medical officers, and the applicant

shall have the right to submit medical and other competent evidence on the question of his or her disability and right to be retired. If the pension board determines that the applicant is not totally and permanently disabled, the act of the board shall be final." Ga. L. 1994, pp. 4725-4726. The board bylaws provide that "[a]pplications for pension shall be acted upon only at public meetings of the board. Any applicant for a pension board may appear before the pension board at its public meeting to be heard as to whether or not a pension should be granted to said applicant. . . . In its hearings the board shall not be limited to evidence under oath and delivered in person, but may permit the introduction of affidavits, depositions and documentary evidence of all sorts. The board itself shall be the judge of the weight [and] credibility and effect to give to such evidence and documents."

A particular administrative body may at times exercise judicial or quasi-judicial functions and at other times exercise administrative, ministerial, or legislative functions. See generally *Tamiami Trail Tours v. Ga. Public Svc. Comm.*, 213 Ga. 418, 428-429 (99 SE2d 225) (1957); *South View*, supra at 480 (2). In making a determination whether the action of a lower tribunal was judicial in nature, we must "look to the particular function performed." *Mack II*, supra at 310 (1). After examining the function performed by the pension board under the facts of this case and applying the test described in *South View*, supra, we conclude that the pension board acted in a judicial capacity.

Starnes was afforded the right to a hearing "in accordance with judicial procedure." *South View*, supra at 481 (4). Under the local law and pension board bylaws she was permitted to submit, at a public hearing, a wide range of evidence including medical evidence, testimony, affidavits, depositions, and "documentary evidence of all sorts." The board then was required to examine this evidence to determine whether Starnes's disability met the criteria set out in the local law concerning receipt of a line of duty disability. And this examination was not merely a ministerial act; it required the board to assess Starnes's contention that she was totally and permanently disabled immediately and exclusively as a result of emergency exposure as an employee, in light of the testimony and medical evidence presented at the hearing. In sum, the board was required to resolve adverse claims. This decision-making process, in turn, required the board to weigh evidence, assess witness credibility, and apply the fact-intensive law governing line of duty pensions to the particular facts surrounding Starnes's application. Such a process was " 'akin to a judicial act.' " *Mack II*, supra at 310 (1).[2] The hearing before the

[2] Compare *City of Macon v. Herrington*, 198 Ga. 576, 590 (3) (32 SE2d 517) (1944), a

pension board was consequently judicial in nature, and "appeals from such decisions *can only be had* by writ of certiorari under Code § 19-101 [OCGA § 5-4-1] where no additional right of appeal is provided by law." (Emphasis supplied.) *Wilson v. Latham*, 227 Ga. 530, 533 (181 SE2d 830) (1971). Starnes therefore was required to seek review via writ of certiorari under OCGA § 5-4-1 (a). Because she did not, the trial court should have dismissed her complaint.

It is true that the local law governing disability pensions does not provide that review of the board's denial of disability pensions may be reviewed by writ of certiorari and states that the pension board's decision that an applicant is not totally and permanently disabled is final. Ga. L. 1994, p. 4726. Similarly, the bylaws of the Fulton County Pension Board provide that "[a]ctions of the board shall be final on all questions of fact, supported by evidence, in connection with applications for pension." But the failure to include in the law express language permitting review by writ of certiorari does not negate or dispense with the clear mandate of OCGA § 5-4-1 (a), which provides that a writ of certiorari *shall* lie for the correction of certain errors by inferior tribunals. Moreover, finality of the pension board's decision under the local law and pension board bylaws is a prerequisite to appeal by certiorari. See *Jenga v. Deveaux*, 193 Ga. App. 436, 437 (1) (388 SE2d 361) (1989).

Once the decision on Starnes's application for pension became final, Georgia law provided her with an orderly means of seeking review. As discussed above, she was required to seek review through writ of certiorari, and the law provided her with specific guidelines for so appealing. See, e.g., OCGA § 5-4-3. In particular, she was required to file her petition "within 30 days after the final determination of the case in which the error is alleged to have been committed. Applications made after 30 days are not timely and shall be dismissed by the court." OCGA § 5-4-6 (a). Rather than appeal through the orderly, specific vehicle of certiorari as required by OCGA §§ 5-4-1, 5-4-3, and 5-4-6, however, Starnes waited an entire year after the pension board reached an adverse decision to file a completely new action. This means of review simply was not authorized under the law.

Because Starnes was not authorized to bring a separate action challenging the denial of line of duty disability benefits, and because she failed to petition the trial court for certiorari within 30 days after the board reached its decision, her action must be dismissed. We

---

case in which the decision of the pension fund's trustees was "ministerial and administrative." In that case, however, the facts were not disputed, and the ordinance provided clear, specific guidelines concerning the requirements for receiving a pension. The board was not required to weigh evidence in the process of determining whether a pension was authorized.

therefore remand this case to the trial court with direction that the court vacate its judgment and dismiss Starnes's action.

*Case remanded with direction. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 30, 1998 — 

*Weinstock & Scavo, Michael Weinstock, Louis R. Cohan, Catherine M. Banich,* for appellant.

*Sutherland, Asbill & Brennan, Judith A. O'Brien, Rocco E. Testani, Hawkins & Parnell, Frank C. Bedinger III, John T. Ferguson,* for appellees.