## A06A1690. JORDAN et al. v. CITY OF ATLANTA.
### (641 SE2d 275)

MILLER, Judge.

Judy Jordan and Ellen Wilburn, classified employees of the Department of Information and Technology of the City of Atlanta (the "City"), lost their jobs pursuant to a City reduction-in-force ("RIF") ordinance, which Jordan and Wilburn claim was not properly followed. After the Service Board (the "Board") denied their appeal of the RIF action, Jordan and Wilburn filed a complaint in the Superior Court of Fulton County. The trial court thereafter dismissed the lawsuit, finding that "[Jordan and Wilburn] failed to exhaust their administrative remedies."

On appeal, Jordan and Wilburn challenge the dismissal of their lawsuit, arguing that an appeal of the Board's order by writ of certiorari filed in the trial court was not an administrative prerequisite to their lawsuit, foreclosing dismissal for failure to exhaust applicable administrative remedies. We agree that the trial court erred in determining that Jordan and Wilburn failed to exhaust their administrative remedies. However, because neither Jordan nor Wilburn properly appealed the Board's order *at law* by a duly filed writ of certiorari in the trial court, we nonetheless affirm the dismissal.

A motion to dismiss for failure to state a claim upon which relief may be granted

> should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citation and punctuation omitted.) *Leake v. Murphy*, 274 Ga. App. 219, 220 (617 SE2d 575) (2005).

The City relies on City Code § 114-555 for the proposition that Jordan and Wilburn were required to appeal the Board's order by filing an application for writ of certiorari as an "administrative" prerequisite to the instant lawsuit. City Code § 114-555, captioned "Judicial Review," provides, however, that

> [a]ny party, including the [C]ity or any [C]ity department, bureau, division, office, commission[,] or board, *who has*

> *exhausted all administrative remedies available before the board* and who is aggrieved by a final decision or order of the board on any hearing *may seek judicial review of the final decision or order of the board in the superior court of the county of the place of employment* of the employee.

(Emphasis supplied.) Thus, upon notice of separation, the RIF ordinance confers on separated employees only a right of appeal to the Board. Compare *Brown v. State Merit System of Personnel Admin.*, 245 Ga. 239 (264 SE2d 186) (1980) ("Under Georgia law, classified employees have no right to an evidentiary hearing on their involuntary demotions or separations when a reduction-in-force plan made in accordance with the State Personnel Board's Rules and Regulations is implemented. [OCGA § 45-20-8 (b)]."). Jordan and Wilburn, therefore, exhausted their administrative remedies upon the Board's final decision denying their appeals of the separation actions taken against them. City Code § 114-555's further reference to the availability of judicial review in the superior court plainly establishes the right of parties aggrieved by a final board decision or order to seek judicial review thereof by writ of certiorari to the superior courts. "[I]t was the intention of the framers of the [Georgia] Constitution, and of the [General Assembly], to provide the writ of certiorari to the superior courts to all persons dissatisfied with the judgments of inferior judicatories and who desire to have those judgments corrected by the superior court." *Cochran v. City of Rockmart*, 242 Ga. 732, 733-734 (251 SE2d 259) (1978). Where alleged error is attributed to an inferior judicatory, as here, the writ of certiorari is the proper remedy. OCGA § 5-4-1 (a); *Mack II v. City of Atlanta*, 227 Ga. App. 305, 307 (1) (489 SE2d 357) (1997); see also *Thompson v. Dunn*, 102 Ga. App. 164, 166-167 (115 SE2d 754) (1960) (proceedings before the Civil Service Board of Fulton County are quasi-judicial in character).

Given the foregoing, the complaint was not subject to dismissal for failure to exhaust administrative remedies. However, inasmuch as the writ of certiorari is the legal remedy for the correction of error committed by the Board, the question remains whether dismissal of the complaint was proper in the context of such remedy.

"All writs of certiorari shall be applied for within 30 days after the final determination of the case in which the error is alleged to have been committed." OCGA § 5-4-6. On appeal, Jordan concedes that she failed to timely file her writ of certiorari below. Wilburn acknowledges that she chose not to file such a writ. Accordingly, dismissal of the complaint was proper for failure to state a claim upon which relief may be granted for lack of subject matter jurisdiction,

neither Jordan nor Wilburn having timely applied for writ of certiorari. *Leake*, supra, 274 Ga. App. at 220. "A judgment that is right for any reason will be affirmed. [Cit.]" *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JANUARY 19, 2007.

*McKenney & Froelich, William J. McKenney*, for appellants.

*Deborah Cohn Wakefield, Clarence Cuthpert, Jr., Cleora S. Anderson*, for appellee.