A11A0588. ROZIER v. MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH.
(712 SE2d 596)

MILLER, Presiding Judge.

Ben Rozier d/b/a D.I. Grille ("Rozier") appeals the trial court's order dismissing his lawsuit against the Mayor and Aldermen of the City of Savannah (the "City Council" or the "City"). Rozier's lawsuit was based on the City Council's revocation and denial of an alcoholic beverage license held by Rozier. Because Rozier failed to properly seek review of the City Council's adverse decisions regarding his alcoholic beverage license, we affirm the trial court's dismissal of his lawsuit.

"When reviewing the grant of a motion to dismiss for failure to state a claim, we review the dismissal de novo, construing the complaint's allegations and all possible inferences therefrom in favor of the plaintiff." *Daly v. Mueller*, 279 Ga. App. 168, 168 (630 SE2d 799) (2006).

> We sustain the dismissal if the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts asserted in the complaint and if the movant establishes that the plaintiff could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

Id.

The record shows that Rozier owned and operated a restaurant and bar that served liquor pursuant to an alcoholic beverages license ("liquor license") previously issued by the City. Following the occurrence of two separate incidents involving gunfire, both of which occurred on or adjacent to Rozier's premises, the City proposed to revoke Rozier's liquor license. The City Council conducted a hearing

on the matter in November 2009. After hearing testimony from both Rozier and the City Attorney, the City Council decided to revoke Rozier's liquor license pursuant to the City of Savannah's Alcoholic Beverage Ordinance, § 6-1208 (a) (3), which authorizes the revocation of an alcoholic beverage license where "[t]he operation of the licensee's business [is] in such a manner as to constitute a threat to public safety . . . ."

Thereafter, on April 9, 2010, Rozier filed a complaint in the Superior Court of Chatham County, seeking monetary damages for alleged tortious interference with business. The City Council responded to Rozier's complaint on May 18, 2010, filing a combined answer and motion to dismiss. Around the same time, and upon the expiration of the requisite six-month waiting period after revocation of a liquor license, Rozier filed an application for a new license. The City Council notified Rozier via letter that a show cause hearing would take place on June 3, 2010, during which time Rozier would have the opportunity to show cause why his application should not be denied.

Represented by counsel, Rozier appeared at the June 3, 2010, hearing to present his arguments and evidence in favor of his application and to respond to adverse claims and evidence raised by the City Council. At the conclusion of the hearing, however, the City Council voted to deny Rozier's application, predicating its decision on a number of grounds contained within § 6-1208 of the City of Savannah's Alcoholic Beverage Ordinance.[1] Shortly thereafter, Rozier filed an amended complaint, which, in addition to seeking damages for tortious interference with business, also stated claims for equitable relief and mandamus.[2]

On August 18, 2010, the trial court granted the City Council's motion to dismiss and entered an order dismissing Rozier's lawsuit in its entirety. The trial court concluded that Rozier failed to state a cause of action for which relief could be granted, as a petition for certiorari with the superior court was Rozier's sole remedy to challenge the City Council's decision to revoke his liquor license and

---

[1] The City Council specifically cited the following provisions of § 6-1208 as the bases for denying Rozier's application of a liquor license:
    (a) Previous violations of the business;
    (b) Restrictions contained in [Rozier's] lease agreement;
    (c) The location of the business;
    (d) The effect the operation under the previous license had [sic] on adjacent and and surrounding properties;
    (e) The number of incidents at this location requiring police intervention;
    (f) The Plaintiff's failure to submit a plan of operation.
[2] Rozier's request for equitable relief and mandamus sought to compel the City Council to "fairly consider" his application for a liquor license.

later deny his application for a new one. We agree that Rozier failed to properly appeal the City Council's orders *"at law* by a duly filed writ of certiorari in the trial court," *Jordan v. City of Atlanta,* 283 Ga. App. 285, 285 (641 SE2d 275) (2007); accordingly, we need not consider the trial court's other grounds for dismissal.[3]

Here, Rozier's exclusive remedy was review of the City Council's decisions via writ of certiorari under OCGA § 5-4-1 (a). OCGA § 5-4-1 (a) provides in relevant part that "[t]he writ of certiorari shall lie for the correction of errors committed by any inferior judicatory or any person exercising judicial powers." In considering whether a writ of certiorari is the appropriate method of review, the hearing officer or lower tribunal whose order is being reviewed must have exercised judicial or quasi-judicial powers; certiorari is not appropriate where the power exercised was merely administrative, ministerial, or legislative in nature. *Mack II v. City of Atlanta,* 227 Ga. App. 305, 307 (1) (489 SE2d 357) (1997).

To determine whether an action was judicial or quasi-judicial in nature, the Court must first look to the particular function performed at the hearing. *Mack II,* 227 Ga. App. at 310. A hearing that is judicial or quasi-judicial in nature "is one in which all parties are as a matter of right entitled to notice and to a hearing, with the opportunity afforded to present evidence under judicial forms of procedure; and that no one deprived of such rights is bound by the action taken." Id. at 307. When an aggrieved party is afforded this type of hearing, "appeals from such decisions *can only be had* by writ of certiorari under [OCGA § 5-4-1 (a),] where no additional right of appeal is provided by law." (Punctuation omitted.) *Starnes v. Fulton County School Dist.,* 233 Ga. App. 182, 185 (503 SE2d 665) (1998).

We addressed a situation similar to this case in *Soerries v. City of Columbus,* 222 Ga. App. 745 (476 SE2d 64) (1996). There, the city revoked a licensee's liquor license, and rather than seeking review via writ of certiorari under OCGA § 5-4-1 (a), the licensee filed a complaint in superior court seeking declaratory relief, a preliminary and permanent injunction, and damages. *Soerries,* 222 Ga. App. at 745-746. Since the licensee's claim for damages was contingent on the alleged wrongful revocation of his liquor license, however, a petition for certiorari was the exclusive mechanism by which the licensee could have challenged the city's revocation of his liquor license. Id. at 746 ("In deciding to revoke [the licensee's] license based on violations of the City's Ordinance, the Council exercised

---

[3] The other grounds cited in the trial court's ruling were as follows: (i) the City Council had the benefit of sovereign immunity from Rozier's action for damages; and (ii) Rozier did not have standing to assert any claims based on the City Council's alleged refusal to accept the alcoholic beverage licenses of third parties.

judicial power in the same manner as a court would exercise power in investigating whether a person violated a law."). As such, the licensee's claim for damages lacked any legal basis for recovery, and we affirmed the trial court's dismissal of the complaint in its entirety. See id. at 746.

Likewise, a petition for certiorari was the exclusive mechanism by which Rozier could have challenged the City Council's revocation and denial of his liquor license in this case. Indeed, the record clearly reflects that Rozier received notice of both the November 2009 and June 2010 hearings, and that at each hearing, the respective parties were provided with the opportunity to appear, to be represented by counsel, and to present evidence. Accord *Starnes*, 233 Ga. App. at 184; *Mack II*, 227 Ga. App. at 309 (1). The City Council was then required to examine and weigh the evidence and "make a decision according to the law — to exercise discretion and judgment in application of the law [in this case, the City of Savannah's Alcoholic Beverage Ordinance, § 6-1208 (a)] to a particular set of facts." *Mack II*, 227 Ga. App. at 309 (1). "Such action by the [City Council] speaks of judicial, rather than merely ministerial or administrative, functions." Id. Accordingly, once the City Council's decisions to revoke and later deny Rozier's application for a liquor license became final, Georgia law provided Rozier with an orderly, and exclusive, mechanism of seeking review — a writ of certiorari. Accord *Starnes*, 233 Ga. App. at 185.

Nevertheless, like the licensee in *Soerries*, Rozier chose not to file such writ as required by OCGA § 5-4-1 (a). Instead, he filed a new action in which he requested not only damages for tortious interference with business, but also equitable relief and mandamus for the City Council to "fairly consider" his application for a liquor license. However, because his claims are contingent on the alleged wrongful revocation of his liquor license and the subsequent denial of his application for a new one, a writ of certiorari was the only available legal remedy for the correction of any alleged errors committed by the City Council in reaching these decisions. Accord *Soerries*, 222 Ga. App. at 746.

Rozier's attempt to challenge the City Council's adverse decisions as to his liquor license by means of a separate action was improper; indeed, "[t]his means of review simply was not authorized under the law." *Starnes*, 233 Ga. App. at 185. Consequently, the trial court did not err in dismissing Rozier's complaint in its entirety. See *Jordan*, 283 Ga. App. at 286-287 ("[D]ismissal of the complaint was proper for failure to state a claim upon which relief may be granted for lack of subject matter jurisdiction, [appellant] having [not] timely applied for writ of certiorari.").

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED JUNE 20, 2011.

*Savage, Turner, Kraeuter, Pinckney, Britt & Madison, Brent J. Savage, Karl C. Zipperer*, for appellant.

*Wiseman, Blackburn & Futrell, James B. Blackburn, Peter A. Giusti*, for appellee.