**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 14, 2022**

# In the Court of Appeals of Georgia

A22A1608. CITY OF ATLANTA et al. v. GIRLS GALORE, INC.

McFADDEN, Presiding Judge.

The mayor of the city of Atlanta sanctioned Girls Galore, Inc. for violating provisions of the city's alcoholic beverages ordinance. Undertaking to comply with the statutory scheme applicable until July 1, 2023,[1] Girls Galore petitioned for certiorari review in the superior court, and the superior court reversed the mayor's decision. The court held that the evidence did not support the conclusion that Girls Galore had violated the specific provisions cited in the mayor's letter notifying Girls

---

[1] Effective July 1, 2023, the General Assembly has repealed in their entireties Chapter 3 of Title 5, concerning appeals to superior or state court, and Chapter 4 of Title 5, concerning certiorari to superior court. Ga. L. 2022, pp. 767, 768, § 1-1, 781, § 1-2, 801, § 3-1. The General Assembly has enacted in their place a unified procedure for appealing decisions of a lower judicatory to a superior or state court. See preamble to Ga. L. 2022, p. 767.

Galore of her decision. The court also held that the proceedings before the city of Atlanta License Review Board, which preceded the mayor's decision, violated Girls Galore's rights to due process.

We granted the city's application for discretionary appeal. The notice of appeal filed after we granted the application states that both the city and the mayor are appealing. But only the city was an applicant for discretionary review and only the city has filed an appellate brief.

The brief of appellant argues that the evidence presented at the hearing before the license review board supports the board's recommendation to impose the sanction based on a finding that Girls Galore violated the hours-of-operation provision of the city's alcohol ordinance. But it is the mayor who sanctioned Girls Galore and it is her decision that we review, not the recommendation of the license review board. So we affirm the superior court's decision on certiorari. We do not reach the city's argument challenging the superior court's finding of a due process violation.

On appeal from a superior court decision on a petition for a writ of certiorari, "our duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the local governing body or administrative agency." *City of Atlanta v. Smith*, 228 Ga. App. 864, 865 (1) (493

SE2d 51) (1997) (citation and punctuation omitted). So viewed, the record shows that Girls Galore operates a nightclub with adult entertainment. It is licensed by the city of Atlanta to sell liquor, beer, and wine to be consumed on the premises.

In August 2020, the city notified Girls Galore by letter of a hearing before the city of Atlanta License Review Board to show cause why its alcoholic beverage license should not be revoked for violating four sections of the city of Atlanta Code of Ordinances: § 10-3, which prohibits the provision of alcoholic beverages without an alcoholic beverage license; § 10-10 (a) (1), which prohibits furnishing alcoholic beverages to any person under 21 years of age; § 10-109 (a) (12), which requires licensees to supervise employees, patrons, and others on the licensed premises to protect the safety and well-being of the general public and those utilizing the premises; and § 10-209 (d) (1), which limits the permissible hours in which licensees may sell distilled spirits. Specifically, the city alleged that Girls Galore violated section § 10-209 (d) (1), the hours-of-operation provision, by being open at 3 a.m. on a Monday.

Girls Galore appeared through counsel at the hearing before the city of Atlanta License Review Board. After testimony from two law enforcement officers and a club manager, the board determined that Girls Galore was "guilty of the hours-of-operation

3

violation." The board made no determination about the other three violations alleged in the due cause letter (the unlicensed provision of alcoholic beverages, the failure to supervise, and the furnishing alcoholic beverages to under aged persons).

In a letter to Girls Galore, the mayor adopted the license review board's recommendation to sanction Girls Galore for violating the Atlanta Code of Ordinances. But she did so for different reasons. She found that the evidence showed violations of Atlanta Code of Ordinances § 10-3, which was alleged in the due cause letter and which prohibits the unlicensed provision of alcoholic beverages, and § 10-109 (a) (4), which was not alleged in the due cause letter and which provides for suspension of licenses for the violation of any state law or regulation governing the manufacture, sale, distribution, or transportation of alcoholic beverages. As noted above, the superior court reversed the mayor's decision, and this appeal followed.

The city does not argue that the superior court erred by holding that the evidence does not support the mayor's decision that Girls Galore violated the specific provisions cited in the mayor's letter. Instead, it argues that the evidence supports the mayor's decision to sanction Girls Galore because Girls Galore violated the provisions of the Atlanta Code of Ordinances listed in the due cause letter. This argument does not entitle the city to relief.

It is the mayor who sanctioned Girls Galore, not the license review board. Under the Atlanta Code of Ordinances, the license review board only "report[s] its conclusions and recommendations to the mayor," Atlanta Code of Ordinances § 10-109 (d), while the mayor makes the final decision. Atlanta Code of Ordinances § 10-109 (k).

That final decision must be in writing and must state the reasons for the decision. OCGA § 3-3-2 (b) (2) ("All decisions approving, denying, suspending, or revoking the permits or licenses shall be in writing, with the reasons therefor stated, and shall be mailed or delivered to the applicant").

So it was the mayor's written decision to sanction Girls Galore and the reasons stated in that written decision that were under review by the superior court — not the recommendation of the license review board or the allegations in the due cause letter. See Atlanta Code of Ordinances § 10-109 (b), (d), (g), (k) ("[t]he decision of the mayor may be appealed via [c]ertiorari to the Superior Court of Fulton County"). See also *Starnes v. Fulton County School Dist.*, 233 Ga. App. 182, 185 (503 SE2d 665) (1998) ("finality of [a] decision . . . is a prerequisite to appeal by certiorari"). And so that is the decision that we review, not the allegations in the due cause letter or the recommendation of the license review board, which the mayor, in the exercise of her

5

judgment, could accept or reject. *Illusions on Peachtree Street v. Young*, 257 Ga. 142, 143 (2) (356 SE2d 510) (1987).

The city argues that the evidence supports the license review board's finding of an hours-of-operation violation. But that was not one of the cited reasons for the mayor's decision. So we can not consider it. And to the extent the city makes claims on appeal based on any violation other than the alleged hours-of-operation violation, it "has abandoned [those] claims of error because [it] fails to provide relevant authority or make cognizable legal arguments to support them." *In re Estate of Burkhalter*, 354 Ga. App. 231, 236 (2) (840 SE2d 614) (2020).

Because the city does not argue that the record supports the mayor's finding of violations of the provisions of the ordinance cited in her letter, we affirm. We do not reach the city's argument regarding the finding of a due process violation.

*Judgment affirmed. Gobeil and Land, JJ., concur.*