20436.  NEWMAN *et al. v.* SESSIONS *et al.*

SUBMITTED APRIL 14, 1959—DECIDED MAY 8, 1959.

*Ray, Owens & Keil,* for plaintiffs in error.

*William L. Slaughter,* contra.

WYATT, Presiding Justice.  1.  Ground three of the demurrers attacks count two of the petition upon the ground that it is a duplication of count one, and that both counts set out the same cause of action.  It is not proper pleading to plead two counts that allege identical facts and seek identical relief.  Such pleading tends to make the petition unnecessarily confusing and might well result in an injustice to the parties to the case.  The demurrer raising this question was properly sustained.

2.  Since, as ruled above, the second count of the petition was properly stricken, it is not necessary to pass upon ground two of the demurrers, in which it is contended that count two failed to set out a cause of action.

3.  Ground four of the demurrers contends that the restrictive covenants which it is here sought to enforce are too vague and indefinite for enforcement in a court of equity.  There is no merit in this contention.  The covenants relied upon prohibit the operation on any of the lots of any business which may be or become a nuisance.  The word "nuisance" has a definite and determined meaning in the law, and is not indefinite, vague, or uncertain.  There is no merit in this contention.

4.  Ground one of the demurrers contends that count one of the petition fails to set out a cause of action for any of the relief sought.  It must be remembered that the lot upon which the business here sought to have enjoined is operated is a lot which is classified in the plan of the subdivision as a commercial lot.  It is not alleged that the operation of the business at the place where it is being operated is in violation of any law or zoning regulation.  Nor is the operation of a used-car lot a nuisance per se.  Therefore, if the business which it is here sought to enjoin is a nuisance, it must be because of the manner of its operation.  With respect to this, the petition does allege certain facts which, if proved, will amount to a nuisance which can be

enjoined in a court of equity. It is alleged that grease and oil from automobiles being repaired is overflowing onto the lawns of the petitioners nearest said used-car lot damaging the grass and leaving offensive odors. It is also alleged that the defendants conduct sales of automobiles on Sundays during church hours and throughout the day and night, and that such conduct and activity in and of itself is illegal and prevents the petitioners and their families from realizing a day of prayer and rest each Sunday. This conduct is, of course, a nuisance, and, even though it is alleged to be illegal, it may still be enjoined by private persons if they allege and prove special damage not common to the public. *Warren Co.* v. *Dickson,* 185 *Ga.* 481 (195 S. E. 568). It is further alleged that the defendants use the driveways of the petitioners for turning automobiles located on the lot. All of these things amount to a nuisance, which may, if proved, be enjoined in a court of equity.

The remaining allegations in the petition do not allege an actionable nuisance, since it is not alleged that the matters complained of are unnecessary, unusual, or unreasonable in the proper conduct of the defendants' business, or that they do not result from the ordinary and necessary, and therefore proper, use and occupation of the premises. *Gordon County Broadcasting Co.* v. *Chitwood,* 211 *Ga.* 544 (87 S. E. 2d 78).

It therefore follows, the petition sets out a cause of action to enjoin the acts complained of enumerated above, and the sustaining of ground one of the demurrers to the petition was error.

*Affirmed in part and reversed in part. All the Justices concur.*