### 31719. FISHER v. FISHER.

JORDAN, Justice.

Appellant sued appellee for divorce, alimony and child support. In the suit, she sought to set aside a conveyance by appellee to G. Mason, of the marital home, an automobile, and $3,000.00 in cash on the ground that the conveyances were made with the intent to defraud her with respect to her claim for alimony. The jury granted the divorce; canceled the conveyance of the automobile and awarded it to the appellant; canceled the deed to the home and awarded the furnishings and a 50% undivided interest in the home to appellant; and awarded periodic alimony.

Appellant appeals the denial of her motion for a new trial.

Her motion for new trial recited three claimed errors. Two of the enumerated errors complain of a recharge given to the jury. No objection to this recharge was made before the verdict was returned, and therefore it was not error to deny the motion for a new trial on these grounds. Code Ann. § 70-207 (a). The exception found in Code. Ann. § 70-207 (c) is inapplicable to this case.

The remaining enumeration of error alleged that the trial court improperly restricted appellant's attorney from informing the jury in closing argument that if they set aside the deed, but failed to award the entire interest to the appellant, then the remaining interest would stay

in the grantee. The court made this fact clear to the jury in its recharge, and we fail to see how the appellant was prejudiced by the actions of the trial court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 19, 1976 — DECIDED JANUARY 27, 1977.

*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, Kice H. Stone, Randall C. Sorenson,* for appellant.
Stanley Earl Fisher, Sr., Geneva B. Mason, *pro se.*