32465. PIERCE v. THE STATE.
32466. CALLAHAN v. THE STATE.
32467. WICKHAM v. THE STATE.

HALL, Justice.

The three appellants in these similar cases have been convicted of distributing obscene materials in violation of Code Ann. § 26-2101. On appeal they raise identical issues including a claim that the cited statute conflicts with the federal Constitution, thus seeking to invoke this

court's jurisdiction. Code Ann. § 2-3104.

Appellants assert that the statute is unconstitutionally vague and overbroad, that it invades free speech rights, constitutes a prior restraint, and violates due process. The statute has previously been upheld by this court against these same attacks, e.g., *Sewell v. State,* 238 Ga. 495 (223 SE2d 187) (1977); *Dyke v. State,* 232 Ga. 817 (209 SE2d 166) (1974), requiring no further decision.

Additionally, appellants raise a federal constitutional contention that the statute violates the right of privacy in that, contrary to the implication of Griswold v. Connecticut, 381 U. S. 479 (1965), it "impinges upon" the use by married couples of devices for the stimulation of the genitals.

Griswold is easily distinguishable on at least one ground. Its prohibition upon the *use* of contraceptives reached into the marital bedroom, whereas Code Ann. § 26-2101 forbids not use but *distribution* of certain materials.

In 1969 in Stanley v. Georgia, 394 U. S. 557 (1969) the Supreme Court protected the at-home possession of obscene material under a privacy theory. However, in Paris Adult Theatre I v. Slaton, 413 U. S. 49 (1973) the Stanley decision was limited to the privacy of the home, and the Court emphasized that the privacy concept does not immunize a user of pornography wherever he may go, and does not forbid prohibition of commerce in sex such as that involved in the instant cases. See Kittrell, Sexual Privacy, 13 Ga. S. B. J. 93 (1976). The "privacy" argument is thus without merit under present authorities, and we are not called upon to construe the federal Constitution in this connection.

Accordingly, no viable issue being presented to invoke this court's jurisdiction, these appeals will be transferred to the Court of Appeals for decision of the remaining issues.

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED JUNE 24, 1977 — DECIDED OCTOBER 20, 1977.

*Michael Clutter,* for appellants.

*Hinson McAuliffe, Solicitor, Leonard Rhodes, Assistant Solicitor,* for appellee.