55864. WHAT IT IS, INC. et al. v. JACKSON.

BELL, Chief Judge.

The appellant's liquor license was revoked by the appellee mayor. Appellant then petitioned for a writ of certiorari for a review of this revocation action. The writ was dismissed on motion of the appellee on the ground that the mayor was exercising only administrative or executive powers and was not exercising any judicial

power. *Held:*

The writ of certiorari lies to correct errors committed by any person exercising a judicial function. Code § 19-101. It will not be issued to review the exercise by a public officer of administrative or executive functions. *Southeastern Greyhound Lines v. Pub. Ser. Comm.,* 181 Ga. 75 (181 SE 834). The Atlanta city charter states: "All executive and administrative powers of the city are hereby vested in the Mayor and such other administrators, officers, departments and agencies created or continued by this Chapter or now or hereafter established by ordinance." Ga. L. 1973, pp. 2188, 2191. An Atlanta ordinance, Section 14-6004 created a license review board and it provides in part:

". . . (c) The functions of the board shall be: . . . (3) To conduct hearings on any charges which may be brought against any licensee under the police powers of the city where those charges may be the basis for suspension or revocation of the license and to report its findings and recommendations to the mayor. (d) All hearings before the board shall be administrative and it shall not be required to comply with the rules of evidence as applied in court trials."

Here the license review board conducted a hearing on charges that appellant had violated specified provisions of law at its place of business. The board recommended revocation of the liquor license to the mayor and the latter approved. The appellant contends that this ordinance gave him a right to a trial under judicial procedure and by this fact, the mayor's action was judicial in character. In determining whether a proceeding is judicial in character, the question hinges not on whether the parties at interest were in fact given an opportunity to be heard, but the test is whether the parties at interest had a right under the law to demand a trial in accordance with judicial procedures. *South View Cemetery Assn. v. Hailey,* 199 Ga. 478 (34 SE2d 863). The ordinance while it does authorize a hearing does not expressly or by implication grant to the appellant as a matter of right a trial in accordance with judicial procedure. To the contrary, it states that all hearings shall be "administrative" and with no requirement to comply with the rules of evidence.

Secondly, the board was not authorized to enter any judgment but only was permitted to make a recommendation to the mayor which was not binding on him. This authority by the board does not fall within the category of a judicial proceeding. Lastly, the mayor, who had only administrative or executive powers, could only approve or disapprove the board's recommendation. Appellant was not as a matter of right entitled to any judicial hearing before him. The action of the mayor was administrative. Thus, the writ of certiorari was correctly dismissed.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED MAY 15, 1978 — DECIDED JUNE 15, 1978 — REHEARING DENIED JULY 5, 1978 —

*Glenn Zell,* for appellants.
*W. Roy Mays, III, Ferrin Y. Mathews, Gary Walker,* for appellee.