S98A1028. CHAMBLEE VISUALS, LLC v. CITY OF CHAMBLEE et al.
(506 SE2d 113)

CARLEY, Justice.

Chamblee Visuals, LLC (Chamblee Visuals), which operates several retail stores called "9½ Weeks," applied for a permit to build a new store in the City of Chamblee (City). The City Council considered the application at two meetings and denied the permit, finding that studies showed a likely depreciation of property values and increasing crime, that the business would be in close proximity to a middle school and a high school, and that 25-50 percent of the store's merchandise would violate OCGA § 16-12-80 (c). Chamblee Visuals brought suit, seeking writs of certiorari and mandamus. The trial court denied Chamblee Visuals' petition for writ of certiorari as inappropriate. The trial court also denied the petition for writ of mandamus, concluding that it was not authorized to dispute the City Council's factual findings and that Chamblee Visuals had no clear legal right to operate the business. Chamblee Visuals appeals.

1. Chamblee Visuals contends that the grounds for denial of a building permit set forth in City of Chamblee Code §§ 18-14 and 18-

15 are unconstitutionally overbroad and vague. However, as the trial court indicated, the City Council relied upon evidence which demonstrates that Chamblee Visuals' business would constitute a nuisance and that the property would be used for an unlawful purpose. These grounds are not those set forth in § 18-15, but rather are those stated in § 18-14. Therefore, we consider only the constitutional challenge to § 18-14.

"The word 'nuisance' has a definite and determined meaning in the law, and is not indefinite, vague, or uncertain." *Newman v. Sessions*, 215 Ga. 54, 55 (3) (108 SE2d 870) (1959). See also *Atlanta Processing Co. v. Brown*, 227 Ga. 203, 206 (1) (a) (179 SE2d 752) (1971). An "unlawful purpose" clearly includes "a purpose to violate a criminal law." *Mixon v. State*, 226 Ga. 869, 870 (1) (178 SE2d 189) (1970). Compare *Arlington Cemetery Corp. v. Hoffman*, 216 Ga. 735, 738 (1) (a) (119 SE2d 696) (1961). The portion of the ordinance requiring a "lawful purpose" was applied to the application only insofar as Chamblee Visuals may have intended to violate a criminal law. Thus, Chamblee Visuals cannot challenge this portion of the ordinance for vagueness. *Poole v. State*, 262 Ga. 718, 720 (425 SE2d 655) (1993). Accordingly, we find that City of Chamblee Code § 18-14 is not unconstitutionally vague or overbroad.

2. OCGA § 16-12-80 (c) is the criminal law upon which the City Council relied, which statute provides that "[a]ny device designed or marketed as useful primarily for the stimulation of human genital organs is obscene material. . . ." This code section is constitutional. *Sewell v. State*, 238 Ga. 495 (1) (233 SE2d 187) (1977). See also *Pierce v. State*, 239 Ga. 844 (239 SE2d 28) (1977).

Chamblee Visuals urges, however, that the City's refusal to issue a building permit because the business intends to violate OCGA § 16-12-80 (c) constitutes a prior restraint in violation of the state constitutional right to free speech. When construing the Georgia free speech clause, this Court applies analogous First Amendment standards in the absence of controlling state precedent. *Paramount Pictures Corp. v. Busbee*, 250 Ga. 252, 255 (1), fn. 5 (297 SE2d 250) (1982). In *Sewell v. State*, supra at 496 (5), we held that devices which come within the definition of OCGA § 16-12-80 (c) are obscene as a matter of law, are not protected expressions under the First Amendment, and "do not require a separate adjudication to avoid prior restraint as in cases of films, books, magazines and other printed material." Thereafter, the Supreme Court of the United States dismissed Sewell's appeal for want of a substantial federal question. *Sewell v. Georgia*, 435 U. S. 982 (98 SC 1635, 56 LE2d 76) (1978). The constitutional propriety of OCGA § 16-12-80 (c) is, therefore, clear. See *Red Bluff Drive-In v. Vance*, 648 F2d 1020, 1028 (5th Cir. 1981). Indeed, a dissent to the dismissal of Sewell's appeal con-

ceded that "appellant fundamentally misapprehends the reach of the First Amendment in his argument that the protections of that Amendment extend to the sexual *devices* involved in this case." (Emphasis in original.) *Sewell v. Georgia*, supra at 985 (Brennan, J., dissenting). Therefore, the City Council's decision was not an unconstitutional prior restraint.

3. Chamblee Visuals complains that the trial court erroneously applied a "secondary effects" analysis even though the City had no "adult entertainment" ordinance. The trial court's brief discussion of "secondary effects" was actually a superfluous part of its nuisance analysis under § 18-14 and, thus, could not have harmed Chamblee Visuals.

4. Chamblee Visuals contends that the City violated due process by not providing for sufficient notice of the possible reasons for the denial of a building permit, by the absence of an opportunity for cross-examination, and by shifting the burden of proof to Chamblee Visuals.

The City Manager informed Chamblee Visuals of some of the possible reasons for denial when she referred the application to the City Council. At the initial hearing, the City Council fully informed Chamblee Visuals of the possible reasons for denial. At that initial hearing and the hearing five days later when the permit was denied, the City Council considered evidence of nuisance and of unlawful purpose. Chamblee Visuals admitted that the new business would sell the same sex devices that other 9½ Weeks stores sell. Fulton County has raided other 9½ Weeks stores, and Chamblee Visuals markets sex devices on the Internet as "illegal." One Council member visited two stores, brought back one example of a more "tame" device, and testified that about half the inventory consisted of devices designed or marketed as useful primarily for the stimulation of genital organs. See *Williams v. State*, 157 Ga. App. 494, 495 (4) (277 SE2d 781) (1981). Chamblee Visuals freely presented evidence and made statements in support of its application. In an administrative or quasi-judicial proceeding, due process requires only an informal hearing, not strict adherence to the rules of evidence. *Jackson v. Spalding County*, 265 Ga. 792, 794 (4) (462 SE2d 361) (1995). We find no error.

5. Chamblee Visuals also contends that the trial court erred in finding that mandamus, and not certiorari, was the proper method of appeal from the denial of a building permit. Not only did Chamblee Visuals fail to insist on any particular form of review, its own counsel expressed the opinion that mandamus was proper. Moreover, this case does not involve the denial of a special use permit or a variance, the ordinance does not prescribe certiorari and, therefore, mandamus was Chamblee Visuals' only possible remedy. *Wofford Oil Co. v. City*

of *Calhoun*, 183 Ga. 511 (189 SE 5) (1936). See also *International Funeral Serv. v. DeKalb County*, 244 Ga. 707, 709 (1) (261 SE2d 625) (1979). Compare *Jackson v. Spalding County*, supra at 792-794 (1-3).
*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998 —
RECONSIDERATION DENIED OCTOBER 23, 1998.

*Begner & Begner, Alan I. Begner, Cory G. Begner, Florence W. Mixon,* for appellant.
*Joe L. Fowler, King & Spalding, Frank C. Jones, Stephen B. Devereaux,* for appellees.