S99A1370, S99A1371, S99A1373, S99A1375, S99A1376, S99A1378,
S99A1379, S99A1380. MORRISON v. THE STATE (eight cases).

(526 SE2d 336)

CARLEY, Justice.

Michael Morrison was charged with eight counts of distributing obscene material in violation of OCGA § 16-12-80 (c), which defines as obscene "[a]ny device designed or marketed as useful primarily for the stimulation of human genital organs. . . ." Morrison filed a pretrial motion challenging the constitutionality of this criminal statute on various grounds. The trial court found no merit in the attack and denied the motion. Thereafter, a jury found Morrison guilty of all eight counts, and he filed eight separate notices of appeal.

1. In prior cases, this Court has ruled on almost all of the constitutional attacks which Morrison raises in this appeal. Devices which are within the definition of OCGA § 16-12-80 (c) are not protected expressions under either the First Amendment of the Federal Constitution or the free speech clause of the Georgia Constitution. *Chamblee Visuals v. City of Chamblee*, 270 Ga. 33, 34 (2) (506 SE2d 113) (1998). See also *Sewell v. State*, 238 Ga. 495, 496 (5) (233 SE2d 187) (1977). We have upheld the statute as against assertions that it violates the federal constitutional right of privacy, that it "is unconstitutionally vague and overbroad, that it invades free speech rights, constitutes a prior restraint, and violates due process." *Pierce v. State*, 239 Ga. 844, 845 (239 SE2d 28) (1977). See also *Red-Bluff Drive-In v. Vance*, 648 F2d 1020, 1028 (5th Cir. 1981); *Sewell v. State*, supra at 495 (1), 496 (2). Thus, these same attacks made by Morrison in this case "requir[e] no further decision." *Pierce v. State*, supra at 845. Relying on *Powell v. State*, 270 Ga. 327, 328 (3) (510 SE2d 18) (1998), Morrison also urges that OCGA § 16-12-80 (c) violates the state constitutional right of privacy. We have never addressed a challenge to the statute predicated upon this provision of the state constitution. Accordingly, this Court retains its jurisdiction over this appeal. Compare *Zepp v. Mayor &c. of Athens*, 255 Ga. 449, 451 (2) (339 SE2d 576) (1986).

*Powell* involved non-commercial sexual activity and expressly recognized that "a defendant may not successfully assert a privacy right when the acts are committed . . . in exchange for money ([cit.]). . . ." *Powell v. State*, supra at 332 (3). Therefore, the right of privacy conferred by our state constitution, like that in the federal constitution, does not extend to commercial sexual activity. Under Morrison's expansive interpretation of the Georgia constitutional right of privacy, there could be no criminal prosecution for prostitution or other commercial sexual activity so long as the consensual acts were consummated in private. However, public commerce in sex, even though consummated in private, is not afforded constitutional

protection. The statute "forbids not use but *distribution* of certain materials. . . . [T]he privacy concept . . . does not forbid prohibition of commerce in sex such as that involved in the instant cases. [Cit.]" (Emphasis in original.) *Pierce v. State*, supra at 845.

Devices within the definition of OCGA § 16-12-80 (c) "are obscene as a matter of law." *Sewell v. State*, supra at 496 (5). In *United States v. 12 200-Foot Reels of Super 8mm. Film*, 413 U. S. 123, 128 (93 SC 2665, 37 LE2d 500) (1973), the Supreme Court of the United States specifically stated "that the protected right to possess obscene material in the privacy of one's home does not give rise to a correlative right to have someone sell or give it to others. [Cits.]" Although *Powell* held that Georgia's right to privacy is broader than the federal right, " 'it is not so broad that a person can take it with him to the store in order to purchase obscene material — even though he has the right to possess such material in the privacy of his home.' [Cit.]" *Stall v. State*, 570 S2d 257, 262 (Fla. 1990) (construing the Florida constitutional right of privacy). Thus, *Powell* does not confer upon Morrison the constitutional right to distribute obscene material.

2. The trial court permitted Morrison to present evidence of alleged selective prosecution, and stated that it would charge the jury in that regard at the close of evidence. During the charge conference, however, the trial court correctly realized that selective prosecution was not a matter for the jury and invited Morrison's attorney to raise the issue by means of a motion to dismiss the accusations. See *Flowers v. State*, 265 Ga. 688, 689 (4) (461 SE2d 533) (1995); *Love v. State*, 468 NE2d 519, 521-522 (Ind. 1984); 4 LaFave, Israel & King, Criminal Procedure § 13.4 (a), p. 45 (2d ed. 1999). Morrison contends that the trial court unfairly prejudiced him by foreclosing development of a major part of his case. To the contrary, however, the trial court gave Morrison a complete remedy by offering to consider his claim of selective prosecution even though it is normally a pre-trial matter. See *Flowers v. State*, supra; *Love v. State*, supra; 4 LaFave, Israel & King, supra. Moreover, Morrison has demonstrated no other possible harm. Presumably, he benefitted to the extent that the trial court allowed him to present the irrelevant evidence of alleged selective prosecution for the jury's consideration.

3. Morrison also contends that the trial court unfairly prejudiced his defense by limiting closing argument so as to prevent the possibility of an acquittal through jury nullification. According to Morrison, this limitation precluded him from reminding the jurors of their promise to put aside their personal views, and from arguing to them that sex devices have valuable therapeutic use and are generally accepted by, and widely sold in, the community. While the trial court did impose that limitation, the transcript shows that it offered to

allow counsel to pursue the issue in more detail at the charge confer-
ence. However, defense counsel failed to use that opportunity to seek
clarification of the trial court's ruling or to ask for an additional rul-
ing regarding any particular argument he intended to make. Fur-
thermore, a review of the transcript of closing argument reveals that
Morrison's attorney made the same arguments which he now com-
plains were not permitted under the trial court's ruling. He reminded
the jurors of their promise to put aside their personal views, discour-
aged them from finding that the police time in this case was well
spent, opined that this is a different day and time, and declared that
the devices have therapeutic uses and are sold in many other stores.
Thus, pretermitting the propriety of foreclosing argument which
encourages jury nullification, we find that Morrison has not shown
that he was harmed by the trial court's ruling in this case. See *Fisher
v. Fisher*, 238 Ga. 253-254 (232 SE2d 532) (1977); *Anderson v. State*,
236 Ga. App. 679, 684 (5) (513 SE2d 235) (1999).

*Judgments affirmed. All the Justices concur, except Fletcher,
P. J., Sears and Hunstein, JJ., who concur in Divisions 2 and 3 and in
the judgment.*

DECIDED FEBRUARY 14, 2000 —
RECONSIDERATION DENIED MARCH 3, 2000.

*Begner & Begner, Alan I. Begner, Cory G. Begner*, for appellant.
*Carmen D. Smith, Solicitor, Herman L. Sloan, Assistant Solici-
tor*, for appellee.