**FIRST DIVISION**
**PHIPPS, C. J.,**
**DOYLE, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 10, 2015**

# In the Court of Appeals of Georgia

A15A0459. BULLOCH COUNTY BOARD OF COMMISSIONERS    BO-022
     v. WILLIAMS.

BOGGS, Judge.

In this discretionary appeal, the Bulloch County Board of Commissioners ("the Board") appeals from a superior court order reversing its denial of a conditional use permit for a personal care home. In related enumerations of error, the Board contends that the trial court erred by failing to properly apply the "any evidence" standard of review to a local government body's zoning decision. For the reasons explained below, we agree and therefore reverse.

"When reviewing a local governing body's zoning decision, the superior court applies the any evidence standard of review. In the appellate courts, the standard of review is whether there is any evidence supporting the decision of the local governing

body, not whether there is any evidence supporting the decision of the superior court." (Citation and punctuation omitted.) *Jackson County v. Earth Resources, Inc.*, 280 Ga. 389, 391 (627 SE2d 569) (2006).

So viewed, the record shows that Kimberly Williams applied for a conditional use permit to operate a personal care home on 7.52 acres on Ponderosa Road in an Agricultural 5 acre (AG-5) zoning district. The Bulloch County Planning and Zoning Department conducted and completed a multi-point written assessment of seven conditional use standards. It recommended approval of the application with the following conditions: (1) approval of the personal care home by the State; (2) the personal care home must begin operation within six months of approval; and (3) the permit would be limited to Kimberly Williams. The Planning and Zoning Commission also recommended approval of the request by a vote of 3:1.

The written assessment included the following information: fire service would be available within 6.8 miles (response time 23 minutes); response time from the County Sheriff's Department is approximately 18 minutes, but depending on patrol patterns the "response time may be greater or lesser"; "the capacity and general condition of the roads accessing the proposed development is good [and] Ponderosa Road is a county maintained dirt road"; minimal impact on the existing school;

2

approval "should not create a significant traffic impact"; street providing access to proposed use is adequate; access into and out of the property is adequate for traffic and pedestrian safety, the anticipated volume of traffic, and access by emergency vehicles; hours and manner of operation would not have adverse effects on other properties in the area; no evidence that proposed change in use should injure or detract from existing neighborhoods; and that the proposed use would be appropriate for a rural open area.

In a meeting before the Board, it was presented with the written departmental review recommending approval with the above-stated conditions. Additionally, both Williams and her attorney spoke on behalf of her application, while an attorney representing adjoining landowners spoke against the application.

Williams advised the Board "that the personal care home would have to meet all the local and state requirements and also it would be governed by the Department of Community Affairs"; that "by state law they can only have up to six (6) patients in the home and that none of the patients would have any type of dementia or Alzheimer disease; and that "there should not be any safety issues" because "they will have supervision twenty-four (24) hours per day and seven (7) days per week."

An attorney representing 11 adjacent landowners stated that several reasons supported a denial of the application, including: (1) the personal care home could only be reached by traveling down an unpaved "washboard dirt road, especially during inclement weather"; (2) "the driveway is narrow and hard to find"; (3) the distance from the home to the nearest hospitals was over 18 miles; and (4) an adjacent property owner was concerned about liability if a personal care home resident were to fall in a pond located within 150 feet of the proposed personal care home. The Board voted to deny the application with a 3:2 vote.

The Bulloch County Zoning Code states:

The planning and zoning commission and the board of commissioners will consider the following standards in arriving at a decision on the conditional use:

(1)    Is the type of street providing access to the use adequate to serve the proposed conditional use?

(2)    Is access into and out of the property adequate to provide for traffic and pedestrian safety, the anticipated volume of traffic flow, and access by emergency vehicles?

(3)    Are public facilities such as schools, EMS, sheriff and fire protection adequate to serve the conditional use?

4

(4)     Are refuse, service, parking and loading areas on the property located or screened to protect other properties in the area from such adverse effects as noise, light, glare or odor?

(5)     Will the hours and manner of operation of the conditional use have no adverse effects on other properties in the area?

(6)     Will the height, size, or location of the buildings or other structures on the property be compatible with the height, size, or location of buildings or other structures on neighboring properties?

(7)     Is the proposed conditional use consistent with the purpose and intent of the zoning ordinance?

The Code lists a personal care home as a permissible conditional use in areas zoned AG-5 "upon approval by the board of commissioners." The Board "is not bound by the recommendation of the planning and zoning commission," and "[t]he power to approve a conditional use . . . rests with the board of commissioners." County Code, Appendix C, §§ 410 (f) (1) and (5).

Where, as here, a special permit is sought under terms set out in the local ordinance, the local governing body "acts in a quasi-judicial capacity to determine the

5

facts and apply the law." *Dougherty County v. Webb*, 256 Ga. 474, 478 n. 3 (350 SE2d 457) (1986). And "[i]n an administrative or quasi-judicial proceeding, due process requires only an informal hearing, not strict adherence to the rules of evidence." *Chamblee Visuals v. City of Chamblee*, 270 Ga. 33, 35 (4) (506 SE2d 113) (1998). While "a verbatim transcript of the proceedings is preferred to assist the courts on appeal, the comprehensive rendition of the discussion in the minutes provides an adequate basis for judicial review." *Jackson v. Spalding County*, 265 Ga. 792, 795 (4) (462 SE2d 361) (1995).[1]

Here, the information before the Board regarding the washboard dirt road and the greater distance from the nearest hospital in comparison to other approved personal care homes adequately supports the Board's decision to deny the application for a conditional use permit. We must therefore reverse the superior court's order directing the Board of Commissioners to grant the application.

*Judgment reversed. Phipps, C. J. and Doyle, P. J., concur*.

---

[1] We note that the county zoning ordinance states: "Any person desiring a transcript of the hearing must arrange for a court reporter at their own expense." County Code, Appendix C, § 410 (d) (1).