McFadden, Presiding Judge.
*761 Carrie Gould appeals the superior court's dismissal of her petition for certiorari in which she sought review of a hearing officer's decision upholding the decision of the Housing Authority of the City of Augusta to terminate her Section 8 voucher benefits. We agree with Gould that the hearing officer's decision is subject to review on certiorari because the hearing was quasi-judicial in nature and the hearing officer exercised judicial powers. Thus, we reverse the superior court's dismissal of the petition.
The question of whether the superior court lacked jurisdiction is an issue of law that this court reviews de novo. See Goddard v. City of Albany, 285 Ga. 882, 883 (1), 684 S.E.2d 635 (2009). So viewed, the record reflects that the Housing Authority of the City of Augusta is the public housing authority that administers the federal government's Section 8 housing vouchers program for the city of Augusta *762 and is governed by federal regulations codified in 24 CFR § 982, et seq. The United States Department of Housing and Urban Development ("HUD") is the regulatory agency that oversees the voucher program. 24 CFR § 982.1. Under the voucher program, the housing authority issues vouchers to qualified families, those families submit the vouchers to participating landlords, and the landlords, in turn, redeem the vouchers with the housing authority for payment. The housing authority funds its regular voucher payments with annual contributions from HUD, and those contributions are only permitted to be used for regular voucher payments. See Jones v. Housing Auth. of Fulton County, 315 Ga. App. 15, 17 n. 2, 726 S.E.2d 484 (2012). In accordance with HUD requirements, the housing authority adopted a written administrative plan that established policies for administration of the program. See 24 CFR § 982.54 (a). *111 Gould was issued a voucher under federal Section 8 Housing Assistance Payments Program for Existing Housing (Section 8) by the housing authority, which she used to rent a home from her landlord. After an annual inspection, the housing authority determined that Gould's residence did not meet the housing quality standards required under federal regulations, and it gave notice to Gould that the vouchers to her landlord would be terminated. Gould then sought approval from the housing authority to move to a new residence. Pursuant to the housing authority's administrative plan, before Gould could be issued new vouchers for a new residence, the housing authority required the submission of a "zero balance letter" from Gould's current landlord stating that Gould did not owe the landlord any money for rent or damages. The landlord refused to issue the letter.
The housing authority then terminated Gould's participation in the Section 8 program for her failure to comply with the housing authority family obligations and submit the required documents. The housing authority informed Gould of her right to contest the decision under the housing authority's administrative plan. See 24 CFR § 982.555. Gould requested an informal hearing and was represented by counsel who recorded the hearing, although neither a copy of the recording nor a transcript of the informal hearing was included in the record on appeal. (The housing authority's counsel of record on appeal was the hearing officer.) The hearing officer upheld the housing authority's decision to terminate Gould's participation in the Section 8 program.
Gould filed a petition for a writ of certiorari in superior court pursuant to OCGA § 5-4-1 (a) seeking review of the decision to terminate her rental assistance. After the superior court initially *763 issued the writ of certiorari, the housing authority moved to dismiss the petition for lack of jurisdiction, arguing that the decision was administrative and not subject to review. Following a hearing, the superior court granted the housing authority's motion to dismiss and vacated the writ of certiorari, finding that it lacked jurisdiction to review the decision. We granted Gould's application for discretionary appeal to consider whether the superior court erred in dismissing her petition for writ of certiorari for lack of jurisdiction.
Under OCGA § 5-4-1 (a), "[t]he writ of certiorari shall lie for the correction of errors committed by any inferior judicatory or any person exercising judicial powers," except in certain cases not applicable here. To determine whether a writ of certiorari is the appropriate method of review,
we must decide whether the hearing officer whose order is being reviewed exercised judicial or quasi-judicial powers, or whether the officer merely exercised administrative or legislative functions. If the officer exercised judicial powers, his or her actions are subject to review on certiorari; if, however, the officer exercised legislative, executive, or ministerial powers, any error cannot be corrected by certiorari. ... The basic distinction between an administrative and a judicial act by officers other than judges is that a quasi-judicial action, contrary to an administrative function, is one in which all parties are as a matter of right entitled to notice and to a hearing, with the opportunity afforded to present evidence under judicial forms of procedure; and that no one deprived of such rights is bound by the action taken. The test is whether the parties at interest had a right under the law to demand a trial in accordance with judicial procedure.
Mack II v. City of Atlanta, 227 Ga. App. 305, 307 (1), 489 S.E.2d 357 (1997) (citations, punctuation, and emphasis omitted). In deciding whether the hearing officer exercised judicial or quasi-judicial powers, "the particular function performed at the hearing must be evaluated." Bd. of Commrs. of Effingham County v. Farmer, 228 Ga. App. 819, 822 (1), 493 S.E.2d 21 (1997) (holding that a hearing authority exercised quasi-judicial power because it functioned as a civil service board, and that the rulings of such tribunals are quasi-judicial in nature).
The record reflects that the housing authority notified Gould of her right to request an "informal hearing" in accordance with federal *764 regulations mandating such notice *112 and hearing.[1] 24 CFR § 982.555 (a) (2), (c) (2). Gould submitted such a request. Gould was represented by counsel at the hearing. See 24 CFR § 982.555 (c) (3). She was permitted to voice her disagreement with the housing authority's determination, id. at (c) (2) (ii), to conduct discovery, id. at (e) (2) (i), to present evidence and cross-examine witnesses at the hearing, id. at (e) (5), and, in accordance with the housing authority's administrative plan, to request that the housing authority staff be present at the hearing to answer questions. The hearing officer conducted the hearing in accordance with the procedures established in the housing authority's administrative plan. 24 CFR § 982.55 (4) (ii). Under the federal regulations and the housing authority's administrative plan, the hearing was not subject to the strict rules of evidence but the hearing officer was required to, and did, make findings based upon the preponderance of the evidence and testimony presented at the hearing.[2] 24 CFR § 982.555 (e) (5), (6).
The record demonstrates that Gould had the right to proper notice and a fair hearing, that she was afforded the opportunity to present evidence under judicial forms of procedure, and that the hearing officer made his decision after determining the facts under a preponderance of the evidence standard and applying the appropriate law. Thus the hearing officer's decision was the result of quasi-judicial action. See City of Cumming v. Flowers, 300 Ga. 820, 823-824 (3), 797 S.E.2d 846 (2017) ; South View Cemetery Assn. v. Hailey, 199 Ga. 478, 481 (4), 34 S.E.2d 863 (1945).
The dissent characterizes our opinion as improperly expanding the role of the judiciary. That is a mischaracterization. The issue before us is narrow: whether Georgia law provides certiorari review in cases like this one.
The dissent finds that the hearing was administrative instead of quasi-judicial primarily for two reasons: because the hearing officer's actions are subject to the authority granted to him by the housing authority and because under certain circumstances the hearing *765 officer's decision is not binding on the parties. Neither reason supports the determination that the proceeding was administrative instead of quasi-judicial.
The authority and responsibility vested in the hearing officer under the housing authority's administrative plan required him to determine "whether the action, inaction or decision of the Augusta Housing Authority [was] legal in accordance with HUD regulations and [the] [a]dministrative [p]lan based upon the evidence and testimony provided at the hearing." See 24 CFR §§ 982.54, 982.555 (a). Contrary to the dissent's position, the hearing officer was charged with exercising his own judgment under the federal law applicable to the housing authority's decision. He was required to "determine the facts and apply the [appropriate] legal standards to them, which is a decision-making process akin to a judicial act." City of Cumming, 300 Ga. at 824 (3), 797 S.E.2d 846. Because he was "called upon to make factual determinations and thus adjudicate, [he was] acting in a quasi-judicial capacity." Id. (citation and punctuation omitted).
And it is irrelevant that in certain limited circumstances a housing authority can make a "determin[ation] that it is not bound by a hearing decision ...." 24 CFR § 982.555 (f) (3). In order to effectuate such a determination, the authority "must promptly notify the family of the determination, and of the reasons for the determination." Id. Here there has been no such notice and no such determination. The administrative decision before us was "the operative decision of the agency on *113 the matter." See Wolfe v. Bd. of Regents of the Univ. System of Ga., 300 Ga. 223, 229 (2) (c), 794 S.E.2d 85 (2016).
Under the administrative plan, the authority may make such a determination of non-bindingness only about hearing decisions that: "concern matters in which the Augusta Housing Authority is not required to provide an opportunity for a hearing; ... conflict with or contradict HUD regulations or requirements; ... conflict with or contradict federal, state, or local laws; or ... exceed the authority of the person conducting the hearing." See also 24 CFR § 982.555 (f) (1) (a public housing authority is not bound by a hearing decision that concerns "a matter for which the [housing authority] is not required to provide an opportunity for an informal hearing under this section, or that otherwise exceeds the authority of the person conducting the hearing under the [housing authority] hearing procedures."). In other words, the housing authority is bound unless federal law does not require a hearing in the first *766 place (so the resulting decision is superfluous) or when the hearing officer does not have the authority to act or when the hearing officer's decision violates federal, state, or local law. Otherwise the housing authority is bound by a hearing officer's decisions.
The dissent questions our failure to address the propriety of certiorari review in situations where the housing authority determines that it is not bound by the hearing officer's decision so that the hearing officer's decision is not final. But "[t]he hypothetical difficulty raised by [the dissent] is not before us, and we may not issue a hypothetical or advisory opinion." Mack v. Ga. Auto Pawn, 262 Ga. App. 277, 289 (2), 585 S.E.2d 661 (2003). It is not disputed that the hearing officer's decision in this case was final.
The dissent relies on cases in which the decision at issue was only advisory, leaving the ultimate decision to the discretion of a final decision maker. Such is not the case here. In Laskar v. Bd. of Regents of the Univ. System of Ga., 320 Ga. App. 414, 740 S.E.2d 179 (2013), we addressed whether a terminated Georgia Tech professor could seek review of his termination using a writ of certiorari under OCGA § 5-4-1. We determined that the review of his discharge by a faculty hearing committee was not quasi-judicial but administrative because the committee only submitted a "recommendation" to the university president, who was free to accept or reject the recommendation. Id. at 418, 740 S.E.2d 179. (Our Supreme Court has cast some doubt on this holding in Laskar, pointedly "express[ing] no opinion" on it. Wolfe, 300 Ga. at 229 (2) (c), 794 S.E.2d 85 ). Here, on the other hand, the authority was not free to accept or reject the hearing officer's decision; it could reject the decision only under the limited circumstances described above. And it did not do so. Unlike the committee's decision in Laskar, the hearing officer's decision here was final.
Similarly, in What It Is, Inc. v. Jackson, 146 Ga. App. 574, 246 S.E.2d 693 (1978), we held that a decision by a license review board to revoke a liquor license was not a judicial proceeding because "the board was not authorized to enter any judgment but only was permitted to make a recommendation to the mayor which was not binding on him." Id. at 576, 246 S.E.2d 693. Again the hearing officer's decision here was not a mere recommendation that automatically required acceptance or rejection by the housing authority. It was a final decision that bound the housing authority and Gould.
"Because of the substantial differences between the function of the hearing officer[ ] here and the function of the hearing officers in the cases cited by [the dissent] (i.e., Laskar and Jackson, [ ] ), those cases are inapposite." Scott v. Atlanta Independent School System, 2014 WL 12621230, at *12 (N.D. Ga. 2014) (ruling that plaintiffs' 42 USC § 1983 claims should be dismissed because the plaintiffs had an *767 adequate remedy at law-the writ of certiorari; hearing officer's actions were quasi-judicial even though hearing officer's decision was subject to limited appeal procedures).
In this case, the hearing officer exercised authority under federal law, conducted a hearing in accordance with judicial procedure, and his decision was binding. The hearing officer's decision was thus quasi-judicial.
*114 The superior court erred in dismissing the petition for writ of certiorari.
Judgment reversed.
Barnes, P. J., Miller, P. J., Doyle, and Reese, JJ., concur. Branch, McMillian, Mercier, and Bethel, JJ., dissent.

We note that the use of the term "informal hearing" is not dispositive in determining whether a hearing is administrative or quasi-judicial. See Mack II, 227 Ga. App. at 309 (1), 489 S.E.2d 357 ("Descriptive uses of this word are not controlling. It is not the description of the office, body, or board performing the action that is scrutinized; the character and nature of the authorized function controls the issue of whether the function is judicial or quasi-judicial.") (citations and punctuation omitted).

Like the label "informal," the lack of adherence to the strict rules of evidence is not dispositive in determining whether a hearing is administrative or quasi-judicial. See Chamblee Visuals, LLC v. City of Chamblee, 270 Ga. 33, 35 (4), 506 S.E.2d 113 (1998).